## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CHARLES LINDSAY,

        Plaintiff,

v.                                                        Case No:  2:14-cv-82-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff Charles Lindsay appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB").   For the reasons discussed herein, the decision of the Commissioner is affirmed pursuant to 42 U.S.C. § 405(g).

### I.    Issues on Appeal

There are four issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly determined the severity of Plaintiff's impairments; (2) whether the ALJ properly determined Plaintiff's residual functional capacity ("RFC"); (3) whether the ALJ properly considered Plaintiff's morbid obesity; and (4) whether the ALJ erred by failing to elicit testimony from a vocational expert ("VE").

### II.    Procedural History and Summary of the ALJ's Decision

On August 23, 2010, Plaintiff filed an application for a period of disability and DIB, alleging he became disabled and unable to work on December 19, 2009.  Tr. 118-21.   The Social Security Administration denied his claim initially on October 29,

2010 and upon reconsideration on February 8, 2011.  Tr. 102, 103.  Plaintiff then requested and received a hearing before ALJ M. Dwight Evans on May 30, 2012, during which he was represented by an attorney.  Tr. 62-93, 114-15.  Plaintiff's was the only testimony at the hearing.  Tr. 62-93.

On June 14, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying his claim.  Tr. 10-27.  The ALJ first determined that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2012.  Tr. 15.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the period of December 19, 2009, the alleged onset date ("AOD"), to the date last insured.  *Id.*  At step two, the ALJ determined that Plaintiff has the following severe impairment: status post cervical spine fusion.  *Id.*  At step three, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 17.

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the RFC to perform the full range of medium work.  *Id.*  The ALJ found that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the ALJ's RFC determination.  Tr. 19.

The ALJ then found that Plaintiff was capable of performing his past relevant work ("PRW") as a shipping and receiving clerk.  Tr. 21.  The ALJ also made

alternative findings based upon Plaintiff's age, education, work experience and RFC, concluding that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform.   Tr. 22.   Specifically, the ALJ found that based upon Plaintiff's RFC, Medical-Vocational Rule 203.29 directs a finding of not disabled.   *Id.*   The ALJ further determined that even if Plaintiff only had the RFC to perform light work, considering his age, education and work experience, a finding of not disabled would be directed by Medical-Vocational Rules 202.21 and 202.22. *Id.*   Thus, the ALJ found that Plaintiff was not disabled and denied his claim.   *Id.*

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on January 16, 2014.   Tr. 1-6, 7-8.   Accordingly, the ALJ's June 14, 2012 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on February 13, 2014.   Doc. 1.

### III.    Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v.*

*Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV.   **Discussion**

Plaintiff raises four arguments on appeal.   Each argument is addressed separately.

> *a.  Whether the ALJ properly determined the severity of Plaintiff's impairments*

Plaintiff first argues that the ALJ should have found his depression, lumbar stenosis with disc protrusion and right shoulder bursitis were severe impairments. Doc. 19 at 14.   The Commissioner correctly asserts, however, that the ALJ could not have committed error at step two, because he considered all of Plaintiff's impairments in accordance with the Regulations and found that Plaintiff had a severe impairment, allowing him to proceed to the next step in the sequential evaluation, which is all that is required at step two.   Doc. 20 at 4, 5, citing *Council v. Barnhart*, No. 04-13128, at *4 (11th Cir. Dec. 28, 2004).

To constitute a "severe" impairment, the impairment or combination of impairments must significantly limit the claimant's physical or mental ability to do basic work activities.   20 C.F.R. § 404.1520(c).   "The claimant is responsible for providing medical evidence demonstrating an impairment and how severe the impairment is during the relevant time period."   *Castle v. Colvin*, 557 Fed. Appx. 849, 852 (11th Cir. 2014) (citing 20 C.F.R. § 404.1512(c)); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence in support of his

claim."). With respect to his claim that his lumbar stenosis with disc protrusion, right shoulder bursitis and depression with panic disorder are severe impairments in that they significantly affect his ability to perform basic work activities, Plaintiff failed to meet his burden.

When making a disability determination, the ALJ is not required to discuss every piece of evidence submitted in support of Plaintiff's claim. *Dyer*, 395 F.3d at 1211 ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the court] to conclude that [the ALJ] considered [the plaintiff's] medical condition as a whole.") (quotation marks omitted); *Griffin v. Comm'r of Soc. Sec.*, 560 Fed. Appx. 837, 843 (11th Cir. 2014) ("And while the ALJ's reference to that ailment was short, he was not required to refer to every piece of evidence."); *Cooper v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 803, 808-09 (11th Cir. 2013) ("Despite Cooper's assertions to the contrary, the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits.").

Upon review of the entire record, the Court finds the ALJ properly determined that Plaintiff's mental impairments were nonsevere, because the record does not establish that they significantly limit his ability to perform basic work activities. *See Wind v. Barnhart*, 133 Fed. Appx. 684, 690-91 (11th Cir. 2005) (finding the ALJ did not err in determining that plaintiff's obesity was not a severe impairment where there was no evidence it affected the plaintiff's ability to perform work activities).

- 6 -

The ALJ correctly evaluated Plaintiff's mental conditions according to the procedures set forth in the Regulations, and Plaintiff's reported daily activities lend further support to the ALJ's determination that Plaintiff can perform medium work and his PRW.

Moreover, as the Commissioner argues, once the ALJ determined that Plaintiff had a severe impairment, it was sufficient to satisfy step two and proceed to step three of the sequential evaluation where the ALJ was required to consider Plaintiff's entire medical condition, including nonsevere impairments. *Burgin v. Comm'r of Soc. Sec.*, 420 Fed. Appx. 901, 902 (11th Cir. 2001). At step three, the ALJ stated that he "considered all of the claimant's impairments individually and in combination but cannot find evidence that the combined clinical findings from such impairments reach the level of severity contemplated in the Listings." Tr. 17. The ALJ then expressly discussed Plaintiff's lumbar stenosis:

> The medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under listing 1.04. Moreover, there is no evidence that the claimant's back disorder has resulted in an inability to ambulate effectively, as defined in 1.00(B)(2)(b).

*Id.* Thus, Plaintiff's contention that the ALJ failed to consider Plaintiff's lumbar impairment is without merit.[1]

As to Plaintiff's depression and panic disorder, the ALJ explained that he considered Plaintiff's medically determinable mental impairments of depression and

---

[1] Plaintiff's shoulder impairment is further addressed in section IV.b., *infra.*

anxiety singly and in combination and they did not cause more than minimal limitation in his ability to perform basic mental work activities, and therefore were nonsevere.  Tr. 15.  Specifically, the ALJ discussed the "paragraph B" criteria and determined that Plaintiff had no more than mild limitation in any area.  Tr. 16. First, the ALJ found that Plaintiff had no limitation in activities of daily living, because he is able to walk and care for his dog, drive, shop in stores, read and watch television.  *Id.*  In the area of social functioning, the ALJ also determined that Plaintiff had no limitation, because treatment notes reflect that Plaintiff was pleasant and his speech was normal.  *Id.*

In the area of concentration, persistence, or pace, the ALJ found that Plaintiff had mild limitation.  *Id.*  The ALJ discussed Plaintiff's reports that his impairments affect his memory and his abilities to concentrate and understand, but that he is able to follow written instructions well.  The ALJ again highlighted that treatment notes reflect Plaintiff was oriented, his speech was normal, his thought processes were goal directed and his insight and judgment were good.  *Id.*  Finally, the ALJ found that Plaintiff had no episodes of decompensation of an extended duration.  *Id.*

In making his determination that Plaintiff's mental impairments cause no more than mild limitation, the ALJ explained that he gave great weight to the opinions of the state agency psychological consultants, because they were consistent with the record as a whole.  Tr. 17.  The ALJ discussed a Psychiatric Review Technique form completed by Dr. David Partyka on October 29, 2010, who found that Plaintiff's mental impairments were nonsevere; he was not limited in activities of

daily living or social functioning; and only was mildly limited in concentration, persistence, or pace.   *Id.* (citing Tr. 539, 549).   Dr. Partyka also noted there is no evidence that Plaintiff ever has lost employment due to a mental impairment, he has no history of inpatient psychiatric care and was not currently receiving counseling. Tr. 551.   Dr. Partyka discussed Plaintiff's depressive and panic disorders, but stated they were "likely now in remission."   *Id.*   Dr. Partyka noted "cognitive deficits," but determined they were inconsistent with the psychological evidence.   *Id.*   The ALJ also highlighted the opinions of Dr. Judith Meyers and Dr. Cal VanderPlate, who agreed with and affirmed Dr. Partyka's opinion.   Tr. 17 (citing Tr. 555-57, 580).

Upon review, the record as a whole supports the ALJ's determination that Plaintiff's lumbar stenosis with disc protrusion, right shoulder bursitis and depression with panic disorder are nonsevere impairments.   Nonetheless, the ALJ did not commit error at step two, because he found that Plaintiff had a severe impairment and moved to the next step of the evaluation.   Thus, the ALJ's decision in this regard is supported by substantial evidence.

### b.  Whether the ALJ properly determined Plaintiff's RFC

Plaintiff next argues that the ALJ erred by determining that Plaintiff can perform the full range of medium work, because he failed to consider limitations related to Plaintiff's depression and right shoulder degeneration.   Doc. 19 at 18-19. The Commissioner asserts that the ALJ's RFC assessment is supported by substantial evidence, because the record reflects that Plaintiff's condition improved

following his surgery in July 2011, and Plaintiff failed to show that his conditions prevent him from performing work consistent with his RFC.   Doc. 20 at 11.

Where, as here, the ALJ finds that a claimant's impairment does not meet or equal the severity of one of the listings, the ALJ proceeds to determine the claimant's RFC.   20 C.F.R. § 404.1520(e).   The RFC is the most that a claimant can do despite his limitations.   *See* 20 C.F.R. § 404.1545(a).   At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC.   *See* 20 C.F.R. § 404.1546(c).   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. § 404.1545(a).   The claimant's age, education and work experience also are considered in determining his RFC and whether he can return to his past relevant work, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite his impairments.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).   The rulings explain that the ALJ's RFC assessment must identify and describe the specific medical and nonmedical evidence that supports his conclusion and explain how any material inconsistencies or ambiguities in the record were considered and resolved.   SSR 96-8p.

Here, the ALJ determined that Plaintiff retained the ability to perform a full range of medium work.[2]   Tr. 17.   In making his RFC determination, the ALJ

---

[2] "Medium work is defined as work that involves lifting no more than 50 pounds at a time, with frequent lifting or carrying objects that weigh 25 pounds." *Davis v. Barnhart*,

considered Plaintiff's symptoms and the extent to which they can reasonably be accepted as consistent with the objective medical evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p.   First, the ALJ identified the impairments that Plaintiff alleges prevent him from working, stating:

> Specifically, the claimant alleged that he has a back injury, neck injury, shoulder injury, depression and anxiety.   The claimant also stated that he was in constant pain. Further, the claimant reported that his impairments affect his memory and his ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, concentrate, understand, and get along with others.

Tr. 18.   The ALJ then found, however, that Plaintiff's reported daily activities are inconsistent with his alleged limitations, which the ALJ found diminished Plaintiff's credibility, such as taking care of and walking his dogs grocery shopping and driving, including to his hearing.   *Id.* (noting "the claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. . . .").   The ALJ also discussed evidence that Plaintiff stopped working nearly a year prior to his AOD "not for reasons related to the allegedly disabling impairment," but because his employer's business closed.   *Id.* (citing Tr. 72-73, 154); *see Ricker v. Comm'r of Soc. Sec.*, No. 5:13-cv-479-Oc-18PRL, 2014 WL 6610849, at *10 (M.D. Fla. Nov. 21, 2014) (finding the plaintiff's admission that he stopped working because he was laid off rather than because he was unable to work properly was considered by the ALJ in evaluating the plaintiff's credibility).

---

186 Fed. Appx. 965, 966 (11th Cir. 2006) (citing 20 C.F.R. § 404.1567(c)).

The ALJ further noted that Plaintiff applied for and received unemployment benefits, which requires an applicant to "present himself as ready, willing, able to work, and out looking for work." *Id.*; *see* Tr. 73-74, 122-23.   The ALJ properly determined that such representation is inconsistent with Plaintiff's contention that he is disabled, and therefore also reflects poorly on his credibility.   *Id.*; *see Davis v. Colvin,* No. 8:13-cv-2892-EAK-TGW, 2015 WL 628762, at \*13 (M.D. Fla. Feb. 12, 2015) ("Thus, the plaintiff certified that he was able and willing to work at the same time he represented on his application for disability insurance benefits that he was unable to work.   Therefore, the law judge reasonably found that the plaintiff made contradictory representations regarding his ability to work that diminished the plaintiff's credibility."); *Ricker*, 2014 WL 6610849, at \*10 (noting that "[c]ourts in the Eleventh Circuit, in addition to several circuit courts, have found a claimant's receipt of unemployment benefits inconsistent with a claim of disability during the same period" and gathering cases).

Finally, the ALJ found that Plaintiff's having completed training to be a physical therapy aide in September 2010, also after his AOD, and in September 2011 going on a vacation trip "up north to build a house" further weakened the Plaintiff's credibility.   Tr. 18.

Upon review of the record, the Court concludes that the ALJ considered the evidence in accordance with the Regulations and properly found that the record as a whole does not support a finding of disability.   *See Castel v. Comm'r,* 355 Fed. Appx. 260, 262 (11th Cir. 2009) (interpreting SSR 96–8p to require the ALJ to consider all

relevant evidence when determining RFC, namely: medical history, medical evaluation, daily activities and lay evidence); *Yousif v. Astrue*, 8:12-cv-00124-T-23MAP, 2013 WL 764859 (M.D. Fla. Jan. 28, 2013), *report and recommendation adopted*, 8:12-cv-124-T-23MAP, 2013 WL 764705 (M.D. Fla. Feb. 28, 2013).

To the extent Plaintiff argues the ALJ'S RFC determination is inconsistent with the recommendations of his treating physicians, the Court disagrees.   Opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ."   20 C.F.R. § 404.1527(c)(2).   Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole.   SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).   Accordingly, "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown."   *Castle*, 557 Fed. Appx. at 854 (citing *Phillips*, 357 F.3d at 1240); *Lewis*, 125 F.3d at 1440; *Sabo v. Comm'r of Soc. Sec.*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996).

"Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting

*Phillips*, 357 F.3d at 1241).   If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight.   SSR 96-2p; 20 C.F.R. § 404.1527(c).   By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, he must clearly articulate the reasons for doing so.   *Winschel*, 631 F.3d at 1179.

Here, the ALJ expressly noted that two of Plaintiff's treating physicians, Dr. Cassell and Dr. Sonstein, "opined that the claimant should avoid lifting, pushing, or pulling objects greater than twenty pounds."   Tr. 20 (citing Tr. 429, 493, 657).   The ALJ also noted that Dr. Sonstein further opined Plaintiff should avoid high impact activity, prolonged sitting or standing and overhead lifting.   Tr. 20 (citing Tr. 657). The ALJ considered these opinions and determined they were entitled to little weight, because they predated Plaintiff's cervical surgery and therefore did not reflect the medical improvements in his condition since the surgery, which were reflected in Plaintiff's medical records and statements.   Tr. 20.   *See, e.g.,* Tr. 681 (records reflecting that two weeks post-surgery Plaintiff had less pain in his extremities, was no longer experiencing right sided arm radiculopathy and said he was satisfied with the surgery); Tr. 679 (records from July 2011 reflecting Plaintiff had a normal gait and could move all of his extremities well); Tr. 19, 677, 697 (in December 2011, Plaintiff denied weakness, neuropathy, numbness and tingling; and his gait and station were normal and he had normal range of motion).   The ALJ further noted

that "the record is absent of any significant restrictions placed on the claimant after the surgery."   Tr. 20.   Thus, the ALJ properly considered the opinions of Dr. Cassell and Dr. Sonstein and acknowledged their roles as treating physicians, but determined their opinions were entitled to little weight. The ALJ sufficiently explained his reasons for doing so, and the ALJ's decision is supported by substantial evidence.

### c.   Whether the ALJ properly considered Plaintiff's obesity

Next, Plaintiff contends that the ALJ erred by failing to adequately consider the effects of obesity on his RFC.   Doc. 19 at 20-22.   The Commissioner argues that the "mere fact that Plaintiff was obese did not establish that he had any limitations due to his obesity."   Doc. 20 at 15.   The Court agrees.

Social Security Ruling 02-1p describes how obesity is considered during the evaluation process.   Specifically, a claimant's obesity is considered when determining whether the claimant has a medically determinable mental impairment; whether the claimant's impairment(s) is severe; whether the impairment(s) meets or equals a listing; and whether the impairment(s) prevents the claimant from performing his PRW and other work in the national economy.   SSR 02-1p, 2002 WL 34686281, at *3. SSR 02-1p also explains that the Commissioner "will not make assumptions about the severity or functional effects of obesity combined with other impairments.   Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."   *Id.* at *6.

Instead, the Commissioner considers all evidence in the record when determining the severity of the impairments.

Plaintiff testified that "having all this weight puts a strain on anyone's back" and "everybody" told him to lose weight.   Tr. 84.   He also stated that his mother tied his shoes for him on the morning of the hearing, because he "can't get down there to tie [his] shoes or put [his] socks on."   Tr. 86.   He did not, however, testify that he cannot work because of his obesity.   Plaintiff's testimony therefore fails to establish that his obesity affects his ability to perform basic work functions, particularly because the ALJ found Plaintiff's testimony less than fully credible.   *See* Tr. 18 (noting "the claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations, which weakens his credibility," citing Tr. 186, 188, 189); Tr. 18 ("The inconsistency between the information the claimant presented to the State Department of Labor and the information he has presented to the Social Security Administration reflects poorly on his credibility," citing Tr. 122-23); Tr. 18 (noting that after his AOD, Plaintiff completed vocational training and "went on vacation up north to build a house," which "further weaken the claimant's credibility," citing Tr. 155, 609); Tr. 20 ("Further, the objective medical evidence weakens the credibility of the claimant's allegations.").

Plaintiff bears the ultimate burden of proving that he is disabled and must furnish medical and other evidence to support such a finding.   42 U.S.C. § 423(d)(5)(a); 20 C.F.R. § 404.1512(a), (c).   Even though the ALJ was required to consider Plaintiff's obesity, Plaintiff failed to meet his burden of establishing that his

obesity affected his ability to perform basic work activities.  *See Castel*, 355 Fed. Appx. at 264; *see also Street*, 133 Fed. Appx. at 630-31.   Plaintiff neither alleged nor provided evidence that his obesity affects his ability to perform basic work activities, and accordingly did not satisfy his burden to prove that he had additional severe impairments or limitations beyond those found by the ALJ.

Upon review of the record, the ALJ properly identified Plaintiff's severe impairments at step two in accordance with the Regulations, proceeded to step three and considered the extent to which all of Plaintiff's impairments affect his RFC, as required at step four.   The ALJ's decision therefore is supported by substantial evidence.

### d.  Whether the ALJ was required to elicit testimony from a VE

Plaintiff's argument that the ALJ erred by failing to elicit testimony from a VE rests upon a determination that the ALJ erred by finding that Plaintiff's depression and anxiety are not severe impairments and that the ALJ's RFC determination is not supported by substantial evidence.  *See* Doc. 19 at 23.   The Court, however, already has determined that the ALJ properly found that Plaintiff's depression and anxiety are nonsevere, and the ALJ's RFC determination is supported by substantial evidence.   Accordingly, this argument fails.   Once the ALJ concludes, as here, that a claimant can perform his past relevant work, he is not required to consult a VE.

The Eleventh Circuit has stated:

> The testimony of a vocational expert is only required to determine whether the claimant's residual functional capacity permits him to do other work after the

> claimant has met his initial burden of showing that he
> cannot do past work.

*Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Here, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a shipping and receiving clerk, and as a result the ALJ was not required to consult a VE. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) ("[B]ecause the ALJ concluded that she is capable of performing her past relevant work, testimony from a vocational expert was not necessary."); *Hernandez v. Comm'r of Soc. Sec.*, 433 Fed. Appx. 821, 823 (11th Cir. 2011) ("Generally, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work."). Because the ALJ was not required to consult a VE, his failure to do so could not have been error.

In rendering his decision, the ALJ relied on Plaintiff's description of his former work and the *Dictionary of Occupational Titles* to conclude that Plaintiff's RFC was consistent with the demands of Plaintiff's past relevant work. (Tr. 21, 139-40). He also considered all medical evidence of record, which he discussed at length in his disability determination opinion. He properly determined that Plaintiff retained the ability to perform his past relevant work and therefore is not disabled. In doing so, the ALJ applied the correct legal standards and the overall record in this case reveals that substantial evidence supports his decision.

## V. Conclusion

The ALJ considered the evidence in according with the Regulations, and determined that Plaintiff is not disabled. Upon review of the record, the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.      The decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is directed to enter judgment in favor of the

Commissioner pursuant to 42 U.S.C. § 405(g) sentence four, and close the file.

    **DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of March, 2015.


CAROL MIRANDO
United States Magistrate Judge


Copies:
Counsel of record